UNITED STATES of America, Appellee,

v.

Francisco A. COLLADO, Defendant, Appellant.

No. 91–1048.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1992.

Decided Feb. 21, 1992.

Mary June Ciresi, for defendant, appellant.

Zechariah Chafee, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief for appellee.

Before CAMPBELL and BOWNES, Senior Circuit Judges, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellant Francisco A. Collado was convicted of possessing cocaine and heroin, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of possessing a firearm during the commission of a drug offense, in violation of 18 U.S.C. § 924(c). Collado contends on appeal that the district court improperly admitted into evidence an incriminating plastic bag he allegedly dropped while attempting to elude arrest in a Providence, Rhode Island, parking lot in the early morning hours of May 24, 1990. We affirm.

I

BACKGROUND

Providence Police Officer Michael Wheeler saw Collado drop the bag and directed Officer Venditto to seize it. Venditto took

the evidence to the police station, completed a seizure report, and turned the evidence over to the Special Investigations Bureau ("SIB"). The bag was found to contain thirty plastic baggies of cocaine, as well as sixteen glassine packets of heroin bound together by an elastic band and bearing the label "Fly High."

Officer Venditto testified that he delivered the evidence to SIB. Detective Purro, the SIB officer responsible for processing drug evidence, testified to the standard operating procedure for depositing seized drugs at the police station between midnight and 8:00 a.m. when the SIB office is closed. The procedure required that Venditto deposit the evidence in a "mail slot" leading into a locked safe, fill out the seizure report, and place the report on top of the SIB safe. Detective Purro further testified that at 9:00 a.m. the following morning, he found Venditto's seizure report on top of the SIB safe, opened the safe, and retrieved a clear plastic bag whose contents precisely matched those described in Venditto's testimony as having been seized from appellant. Other testimony established an uninterrupted chain of custody, commencing with Purro's retrieval of the evidence from the SIB safe and concluding with its presentation at trial. There was no indication that the proffered evidence had been altered in any way.

## II

## DISCUSSION

■ The proponent first must authenticate the evidence by demonstrating to the court that there is a reasonable probability that the evidence "is what its proponent claims." Fed.R.Evid. 901(a). *United States v. Ladd*, 885 F.2d 954, 956 (1st Cir. 1989) (affirming admission of lab test results pursuant to rule 901(a) where there was no abuse of discretion in district court determination that the government had demonstrated a reasonable probability that the tests were as claimed). The trial court must be able to determine that it is reasonably probable that there was no material alteration of the evidence after it came into the custody of the proponent. *United*

*States v. Browne*, 891 F.2d 389, 392 (1st Cir.1989); *United States v. Franchi–Forlando*, 838 F.2d 585, 588 (1st Cir.1988). Federal Rule of Evidence 901(b) provides illustrative authentication techniques, among which are rule 901(b)(1) (testimony of witness with knowledge that the evidence is what it is claimed to be) and rule 901(b)(4) (distinctive characteristics, such as "appearance, contents ..., taken in conjunction with circumstances"). These two techniques were utilized by the government at trial in the present case.

■ Officer Wheeler testified that he shouted at Venditto to pick up the bag while Wheeler chased after the defendant on foot. Officer Venditto testified that he seized a clear plastic bag and contents whose descriptions precisely matched the number and labeling of the items offered in evidence by the government. The distinctive characteristics of the contents of the plastic bag that Venditto testified to having seized, and their readily determinable similarity to the proffered evidence, provided a sturdy corroborative basis for the district court's ruling. Moreover, in the circumstances of the present case, the district court was entitled to rely on a presumption of official regularity. *United States v. Luna*, 585 F.2d 1, 6 (1st Cir.) (trial court "entitled to rely on a presumption of official regularity" where prosecution established chain of custody of heroin "either by official records or by testimony concerning normal police procedure" and where appellant "offered no evidence that the drugs had been altered"), *cert. denied*, 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978). We review the district court's authentication ruling for abuse of discretion. *Ladd*, 885 F.2d at 956; *Browne*, 891 F.2d at 392.

■ The government traced custody of the challenged evidence from the moment Officer Wheeler saw Collado drop it, until it was introduced in evidence. Appellant made no effort to undermine the testimony describing the standard police procedure for handling drug evidence seized after SIB office hours. The resulting presumption of official regularity was sufficient in these

circumstances to meet the rule 901(a) authentication requirement. But there was more. Officer Venditto testified that the clear plastic bag, with its distinctively packaged and labeled contents, were the very items seized at the scene. Moreover, Venditto's description of the drugs he seized at the scene was identical to Purro's description of the drugs he retrieved from the SIB safe the next morning. All circumstantial indications suggest that the district court did not drop the ball when it concluded that there was a reasonable probability that Collado dropped the bag and Officer Venditto picked it up.

*Affirmed.*